**UNITED STATES of America,**

v.

**Ricaurte SALDARRIAGA, Defendant.**

**No. 97 Cr. 1275(WK).**

United States District Court,
S.D. New York.

June 10, 1998.

Robert B. Buehler, Assistant United States Attorney, New York City, for Government.

Jeremy F. Orden, New York City, for Defendant.

---

### OPINION & ORDER

WHITMAN KNAPP, Senior District Judge.

On April 21, 1998, Judge John S. Martin, to whom this case had originally been assigned, ruled that the favorable results of a polygraph examination which defendant Ricaurte Saldarriaga ("defendant") had taken without notice to the Government would not be received into evidence. The case having been reassigned to us, defendant asks us to make a contrary ruling.

As we indicated in discussions between the parties, we do not deem ourselves bound by Judge Martin's ruling. However, we independently come to the same conclusion. The reliability of polygraph examinations has certainly been widely questioned. *See, e.g., United States v. Scheffer* (1998) — U.S. ——, 118 S.Ct. 1261, 140 L.Ed.2d 413; *United States v. Messina* (2d Cir.1997) 131 F.3d 36, 42 ("we have not decided whether polygraph has reached a sufficient state of reliability to be admissible under Rule 702 of the Federal Rules of Evidence").

However, as applied to the facts at bar, there seems to us that there should be one situation in which the results of a polygraph examination should be excluded as a matter of law. No polygraph examination results should be admitted after a defendant has obtained a favorable one which was taken without notice to the Government. *See, e.g., United States v. Pettigrew* (5th Cir.1996) 77 F.3d 1500, 1515; *United States v. Posado* (5th Cir.1995) 57 F.3d 428, 435; *United States v. Sherlin* (6th Cir.1995) 67 F.3d 1208, 1216–17; *Meyers v. Arcudi* (D.Conn.1996) 947 F.Supp. 581, 589, *United States v. Dominguez* (S.D.Tex.1995) 902 F.Supp. 737, 739–40.

We accordingly rule that no polygraph evidence will here be received.

**SO ORDERED.**